IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–22–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TANA RAE ROMERO, | |
| Defendant. | |

Before the Court is Defendant Tana Rae Romero's Unopposed Motion for Early Termination of Supervised Release. (Doc. 101.) Romero request that this Court terminate the remaining portion of her supervised release. (*Id.*) Neither the United States Attorney's Office or the United States Probation Office opposes this motion. (*Id.* at 1–2; Doc. 102 at 4.) For the reasons stated herein, the Court will grant the motion.

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Romero's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Romero waives it, or if the proposed modification is favorable to her and the United States' does not object. The premature termination of Romero's

1

warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Romero began her five-year term of supervised release on January 15, 2020. (Doc. 102 at 1–2.) As such, she is statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing

---

supervised release is obviously favorable to him and the United States does not object. (Doc. 159 at 3.) Accordingly, the Court will dispose of this matter without a hearing.

decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Romero's remaining term of supervised release. Romero pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and, on January 15, 2020, was sentenced to time served followed by 5 years supervised release. (Doc. 80.) Since she began her supervised release term, Romero has been fully compliant with her supervisory conditions and has demonstrated an impressive commitment to sobriety. (*See* Doc. 102 at 2–4.) Romero enjoys strong family support and has maintained solid employment while taking advantage of advancement opportunities. (*Id.*) In short, Romero's conduct on supervised release is a testament to the notion that people can learn from their mistakes. The interests of justice support early termination in this matter. The Court wishes Romero the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 101) is GRANTED.

IT IS FURTHER ORDERED that Romero's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 2nd day of August, 2022.

Dana L. Christensen, District Judge
United States District Court